IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLA THANI FARIS AL-ANAZI, et al., <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents. | Civil Action No. 05-0345 (JDB) |

**RESPONDENTS' OPPOSITION TO PETITIONERS'**
**RESPONSE TO MINUTE ORDER DISMISSING**
**HABEAS CORPUS PETITION OF ADEL EGLA HASSA AL-NUSSAIRI**

As respondents previously notified the Court, petitioner Adel Egla Hassa Al-Nussairi has been transferred to the Government of the Kingdom of Saudi Arabia and released from United States custody. Nevertheless, responding to an order of the Court directing him to show cause why this habeas corpus case should not be dismissed, petitioner requests that the case be kept alive to enable his counsel to engage in discovery to pursue unspecified claims that "may" exist and "may" survive petitioner's transfer. Petitioner's arguments that his claim still presents a live case or controversy are without merit. The habeas case is plainly moot and should be dismissed.

**PROCEDURAL BACKGROUND**

In this case, the Court denied petitioner's motion for an order prohibiting his removal from Guantanamo unless thirty-days advance notice was given to the Court and counsel. Al-Anazi v. Bush, 370 F.Supp. 2d 188, 200 (D.D.C. 2005). In that opinion, the Court stated:

> Petitioners have not come forward with any legal authority that can be read to prohibit the transfer of Guantanamo detainees to a foreign country; any evidence

> that the United States is transferring Guantanamo detainees to foreign countries for an illicit purpose; or any reason to doubt the statements in the sworn declarations of high-level Department of Defense and Department of State officials that the United States relinquishes control of the detainees upon transfer to the foreign state and obtains all assurances necessary under the law from the foreign state that the detainee will be treated humanely upon transfer.

Id. at 194.

On May 23, 2006, respondents notified the Court and petitioner's counsel that petitioner Al Nussairi had been released from United States custody and transferred to the Kingdom of Saudi Arabia. May 23 Notice, at 1 (dkt. no. 45). On July 19, 2006, in light of the transfer, the Court ordered petitioner's counsel to show cause by August 2, 2006, why the case should not be dismissed. Petitioner claims he may have claims against the United States and the individual respondents that survive his release and transfer to the Kingdom of Saudi Arabia. See Response at 2-3. Petitioner seeks discovery, the "fruits" of which may permit an amendment of the petition in this case and assertion of additional claims. Id. at 3.

## ARGUMENT

This Court has previously equated the release of petitioner with "the 'natural conclusion' of this litigation. . .." Al-Anazi, 370 F.Supp. 2d at 196; see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (holding that if a habeas petitioner is released from custody of the United States, the appropriate disposition generally is dismissal). Thus, with petitioner's release, the conclusion of this case has been reached; there is no basis to support additional claims for relief or discovery against respondents. In their response to the show cause order, petitioner's counsel articulates no specific factual allegations or claims against respondents, only that Mr. Al-Nusssari "may" have valid claims or that a hypothetical plaintiff might suffer collateral injury in an analogous

situation.  See Response at 2-3.  This type of speculation, however, is not sufficient to justify either continuation of the case or discovery, especially where the sole purpose is to determine whether any claim for litigation even exists.[1]  See, e.g., Consejo Puertorriqueno por la Paz v. Director, FBI, 458 F. Supp. 1041, 1043 (D.D.C. 1978) (refusing to authorize discovery because "the complaint must stand or fall on its own merits and cannot be used as a vehicle for searching out and discovering a right of action") (internal quotation marks omitted).   Despite attempts to the contrary, petitioner cannot navigate around the inescapable conclusion that, upon his release, the relief sought by his habeas petition was granted, mooting his claim and rendering it ripe for dismissal.

//

//

//

---

[1] Petitioner's repeated references to unspecified claims against "individual respondents" also does not help him.  Respondents in this case were all sued in their official capacity only.  See Petition ¶¶ 21-24 (dkt. no. 1).

**CONCLUSION**

For the reasons stated above, the arguments in Petitioner's Response to Minute Order Dismissing Habeas Corpus Petition of Adel Egla Hassa Al-Nussairi should be rejected and the case dismissed.

Dated: August 10, 2006                    Respectfully submitted,

                                                      PETER D. KEISLER
                                                     Assistant Attorney General

                                                     DOUGLAS N. LETTER
                                                     Terrorism Litigation Counsel


                                                        /s/ James J. Schwartz
                                                   JOSEPH H. HUNT (D.C. Bar No. 431134)
                                                   VINCENT M. GARVEY (D.C. Bar No. 127191)
                                                   TERRY M. HENRY
                                                   JAMES J. SCHWARTZ (D.C. Bar No. 468625)
                                                   PREEYA M. NORONHA
                                                   ROBERT J. KATERBERG
                                                   ANDREW I. WARDEN
                                                   NICHOLAS J. PATTERSON
                                                   Attorneys
                                                   United States Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   20 Massachusetts Ave., N.W.
                                                   Washington, DC  20530
                                                   Tel:  (202) 616-8267
                                                   Fax:  (202) 616-8202

                                                   Attorneys for Respondents